**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 22-10014-SMG |
| | Chapter 13 |
| LORENZO A. ALLEN | |
| Debtor | |
| _____/ | |
| LORENZO A. ALLEN | Adversary Proceeding |
| | Case No: 25-ap-01151 |
| Plaintiff | |
| v. | |
| THE BANK OF NEW YORK F/K/A THE BANK OF NEW YORK AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2003-AHL1; PHH MORTGAGE CORPORATION; OCWEN LOAN SERVICING, LLC N/K/A ONITY GROUP, INC; ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC; KEITH LABELL; and FELICIA PERRY | |
| _____/ | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, THE BANK OF NEW YORK F/K/A THE BANK OF NEW YORK AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2003-AHL1 ("BoNY"), PHH MORTGAGE CORPORATION ("PHH"), OCWEN LOAN SERVICING, LLC N/K/A ONITY GROUP, INC ("ONITY"), AND FELICIA PERRY ("PERRY") (collectively the

"Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, respectfully move this Court for an order dismissing the Amended Complaint filed by the Plaintiff LORENZO A. ALLEN (the "Plaintiff" or "Debtor") [ECF 19] and in support thereof state as follows:

## SUMMARY OF ARGUMENT

Plaintiff's Amended Complaint should be dismissed with prejudice because the Debtor fails to state a cause of action. The Debtor filed the instant action on June 3, 2025 (the "Adversary Proceeding").[1] The Debtor filed this Amended Complaint on July 22, 2025 (the "Amended Complaint"). The Debtor's Amended Complaint suffers from the same pleading defects as his original Complaint, and shows he cannot overcome his lack of cause of action for (1) any alleged improperly filed a proof of claim, (2) alleged false oath or account, and (3) alleged presentation of false claim. No private right of action or means of enforcement exists generally for the statute under which the Debtor brings any of his claims, nor for any of the subsections alleged. Given pleading defects in both his original Complaint and this Amended Complaint, it is clear the Debtor cannot state a cause of action, and this Court should dismiss this Adversary Proceeding with prejudice.

---

[1] When the Debor filed the Adversary Proceeding with his original Complaint [ECF 1], he failed to properly serve the Complaint on the Defendant, BoNY, pursuant to Bankruptcy Rule 7004(h), as an insured depository institution. Deviations from the strict requirements of Bankruptcy Rule 7004(h) are permitted when: (1) counsel has appeared in the case; (2) the court orders service be completed by another method or; (3) the defendant waives the requirement. The Debtor purportedly mailed a copy of the Summons and Complaint to "Bank of New York 240 Greenwich St., New York, NY 10007." However, the Summons does not indicate to whose attention the Summons was directed. At the time of filing the original Motion to Dismiss for Defendants [ECF 13], there had been no counsel that appeared for Defendant BoNY. As no exceptions to 7004(h) applied, service was improper. Attorney Peter Hernandez has since appeared on behalf of BoNY [ECF 16], however, Defendants maintain that service is improper. The filing of the Amended Complaint is an end-run around the rules for proper service, and to the extent applicable, Defendant adopts and re-incorporates its arguments for improper service contained within its original Motion to Dismiss as if fully set forth herein.

## BACKGROUND FACTS AND ALLEGATIONS

This Debtor has engaged in lengthy and protracted litigation with the Defendants for 10 years, spanning across multiple courts and forums with repeated challenges to the enforceability of his mortgage. On May 9, 2014, BoNY initiated a foreclosure action against the Debtor in the Seventeenth Judicial Circuit, in and for Broward County, Florida, styled *BoNY v. Juanita Allen, et al.*, Case No. CACE14009009. Since then, the Debtor and his co-borrower pursued multiple appeals. On February 29, 2016, they appealed a state court order to the Fourth District Court of Appeal of Florida (Case No. 4D16-0651, the "First Foreclosure Appeal"), which was dismissed on April 7, 2016. On June 7, 2019, he appealed a second state court order to the Fourth District Court of Appeal (Case No. 4D19-1789, the "Second Foreclosure Appeal"), which was dismissed on July 16, 2019.

On August 30, 2019, he removed the case to the United States District Court for the Southern District of Florida (Case No. 0:19-cv-62182, the "Federal Case"). When the federal district court remanded the matter, Allen appealed the remand order to the United States Court of Appeals for the Eleventh Circuit (Case No. 21-11192-CC, the "Federal Appeal"), which was dismissed on March 17, 2023, following the dismissal of the underlying foreclosure action.

Meanwhile, the state court determined BoNY was entitled to a Final Judgment of Foreclosure in the amount of $802,415.00, plus interest, but abstained from entering the judgment until the third of Plaintiff's appeals was resolved.

This instant action, like his prior litigation efforts, arises from the same underlying mortgage dispute and continues Plaintiff's pattern of contesting the enforceability of the loan through serial litigation in multiple forums. In the Amended Complaint the Debtor erroneously

alleges that the Defendants fraudulently altered a loan modification document and filed a false proof of claim in his bankruptcy case, purportedly in violation of federal law. *See* Amend. Compl. ¶ 27. Notably, the Debtor fails to note that the allegedly fraudulent proof of claim was subsequently amended.[2] The Debtor likewise alleges claims of false oath or account, and presentation of false claim. *See* Amend. Compl. ¶¶ 30 & 35. Debtor cites broadly to 18 U.S.C. §152 as the basis for this Court's jurisdiction and the basis for his claims, and attempts to point more specifically to subsections of that statute for additional support. *Id* at 27, *Id* at 30 & 35. The statute the Debtor brings his claims under, 18 U.S.C. §152, discusses the criminal penalties for certain actions, however it does not provide a private cause of action.

## ARGUMENT

### A.    Standards for a Motion to Dismiss

In order to survive a motion to dismiss for failure to state a claim, a complaint must contain well-pleaded facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (U.S. 2007). As stated by the Supreme Court "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* at 1964; *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (specifying that "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible

---

[2] The amendment of the original proof of claim superseded the allegedly fraudulent proof of claim. *See e.g. In re Enron Corp.,* No. 01 B 16034 (AJG), 2005 Bankr. LEXIS 3468 (Bankr. S.D.N.Y. Oct. 5, 2005) ("The Amended Claim amended and superseded the Initial Claim."). Therefore, the proof of claim with which the Debtor takes issue was not the operative proof of claim in the underlying bankruptcy case and therefore, the Debtor cannot claim he suffered any harm due to the filing of the original proof of claim. A true and correct copy of the Claims Register from the bankruptcy case indicating the amendment of the proof of claim is attached hereto as *Exhibit "A."*

entitlement to relief'") (*quoting Twombly*, 127 S. Ct. at 1966–67). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S. Ct. at 1966 (*citation omitted*). The plaintiff has the "obligation to provide grounds of his entitlement to [the] relief [sought] which, labels and conclusions and a formulaic recitation of the elements of a cause of action will not be." *Twonbly* at 1964.

"To avoid dismissal for failure to state claim upon which relief may be granted, plaintiff cannot merely plead labels and conclusions and provide a formulaic recitation of a cause of action's elements; rather, plaintiff must amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC*, 401 B.R. 629 (Bankr. S.D.NY. 2009)(*citations omitted*).

*Pro se* litigants are not held to the same stringent pleading standards as attorneys; however, they "may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss." *Mbano v. Kriseman,* 2014 U.S. Dist. LEXIS 157453 at *6 (M.D. Fla. 2014) (citing *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002)). "Conclusory allegations" raised by *pro se litigants* "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief." *Id* (citing *Municipal Utilities Bd. of Albertville v. Alabama Power Co.,* 934 F.2d 1493, 1501 (11th Cir. 1991)).

    **B.**    ***No Private Cause of Action Exists under 18 U.S.C. §152 or any of its Subsections.***

The Amended Complaint purports to first state a cause of action to generally all of 18 U.S.C. §152, and states it is for the alleged filing of a false proof of claim in the Bankruptcy Case.

*See* Amend. Compl. ¶ 24. While the language the Debtor uses both aligns with subsection 152(2) and 152(4), which is his second and third claim, respectively, this first claim is brought, apparently, *generally* pursuant to the entire statute. Regardless, courts in this Circuit consistently hold that there is no private cause of action or mechanism for enforcement of 18 U.S.C. §152, as the statute itself is a federal criminal statute. *Brown v. Williamson & Brown (In re Brown)*, 2017 Bankr. LEXIS 4284, at *12 (Bankr. N.D. Ala. 2017) (stating that "the Court is unwilling to find that there is a private right of action for the Debtor for the alleged wrongful conduct" under 18 U.S.C. § 152); *Wood v. United States (In re Wood)*, 341 B.R. 804, 812 (Bankr. S.D. Fla. 2006) (stating "the Court finds that it is without jurisdiction to determine whether 18 U.S.C. § 152, a federal criminal statute, was violated and also holds that there is no private right of action that arises under 18 U.S.C. § 152.").

The Debtor has amended his complaint to add two new causes of action, under the same federal criminal statute. Those new claims, again, fail to state a private cause of action, and the addition of a specified subsection does not help the Debtor pass the threshold required for pleading. Specifically, Debtor's second claim is brought under 18 U.S.C. § 152(2), for an alleged false oath or account. *See* Amend. Compl. ¶ 30. The Debtor's third claim is brought under 18 U.S.C. § 152(4), for an alleged presentation of false claim. *See* Amend. Compl. ¶ 35. However, the inclusion of both of these subsections do not negate the fact that courts have held that this statute is criminal in nature, and does not provide a private cause of action. *See Williamson & Brown (In re Brown)*, 2017 Bankr. LEXIS at *12; *Wood (In re Wood)*, 341 B.R. at 812. Regardless, courts have been more specific as well, stating that the subsections that the Debtor uses for support likewise do not create cause of action. *Wood (In re Wood)*, 341 B.R. at 812 ("Courts have held that a civil action based on an alleged violation of 18 U.S.C. § 152(4) must

be dismissed for lack of jurisdiction because there is no express or implied private right of action arising under the federal criminal statute.") (citing to *Clayton v. Raleigh Federal Sav. Bank*, 194 B.R.793, 797 (M.D.N.C. 1996), *aff'd*, 107 F.3d 865 (4th Cir. 1997); *In re Terio*, 158 B.R. 907, 911-12 (S.D.N.Y. 1993), *aff'd*, 23 F.3d 397 (2d Cir. 1994)); *In re Long*, 564 B.R. 750, 758 (Bankr. S.D. Ala. 2017) ("there is no private right of action under Section 152(4)"); *Martin v. CitiFinancial (In re Martin)*, 387 B.R. 307, 314 (Bankr. S.D. Ga. 2007) (stating 18 U.S.C. § 152(4) "does not explicitly provide for a private right of suit for civil damages or injunctive relief."); *Fin. Indus. Ass'n v. SEC*, 2013 U.S. Dist. LEXIS 143866, at *13 (M.D. Fla. 2013) (denying leave to amend a complaint to assert claims under 18 U.S.C. § 152(4) since there is no private cause of action, rendering amendment futile); *Esalante v. Escalante*, 2023 U.S. Dist. LEXIS 12958, at *3 (D. Kan. Jan. 23, 2023) (discussing specifically 18 U.S.C. § 152(2) and other actions brought under Title 18, stating "none of the cited statutes creates a private cause of action for a private citizen."

As the Amended Complaint's only basis for relief is rooted in 18 U.S.C. §152 which does not provide a private cause of action for the Debtor, the Amended Complaint fails to state a cause of action and must be dismissed with prejudice. The lack of private cause of action also deprives this Court of jurisdiction, providing yet another basis for this Court to dismiss the Adversary Proceeding. Accordingly, the Amended Complaint cannot be salvaged and must be dismissed.

## **CONCLUSION**

The Adversary Proceeding suffers fatally from pleading defects, since the Debtor is seeking relief pursuant to a statute that does not provide a private cause of action.

WHEREFORE, THE BANK OF NEW YORK F/K/A THE BANK OF NEW YORK AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR ASSET BACKED

1088022\325683556.v2

FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2003-AHL1; PHH MORTGAGE CORPORATION; OCWEN LOAN SERVICING, LLC N/K/A ONITY GROUP, INC; AND FELICIA PERRY respectfully request this Court dismiss the Amended Complaint and Adversary Proceeding with prejudice and grant such other relief as the Court deems just and proper.

        Respectfully Submitted,

        */s/ Siobhan E. P. Grant*
        Siobhan E. P. Grant
        Florida Bar No.: 68892
        sgrant@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        2525 Ponce de Leon, 10th Floor
        Coral Gables, FL 33134
        Tel: (305) 358-7747
        *Attorneys for the Defendants*

## Certificate of Service

I HEREBY certify that on July 31, 2025, I served the foregoing Motion in the manner specified below to the particular parties:

*Via CM/ECF*
Robin R. Weiner,
Post Office Box 559007
Fort Lauderdale, FL 33355
*Chapter 13 Trustee*

*Via CM/ECF*
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
*U.S. Trustee*

*Via US Mail & Email*
Lorenzo Andrew Allen
6207 NW 66th Way
Parkland, FL 33067
Poboy62@aol.com

        By: */s/ Siobhan E. P. Grant*
            Siobhan E. P. Grant