**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| IN RE:<br>Lorenzo Andrew Allen,<br>    Debtor. | CASE NO.: 22-10014<br>CHAPTER 13 |
| Lorenzo Andrew Allen,<br>    Plaintiff,<br><br>v.<br><br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC,<br><br>&<br><br>Keith Labell<br>    Defendants.<br>_____/ | Adv. Case No. 25-01151-SMG |

**DEFENDANT'S MOTION TO DISMISS LORENZO A. ALLEN'S AMENDED ADVERSARY COMPLAINT FILED PURSUANT TO 28 U.S.C. §§ 157 AND 1334 AND UNDER 18 U.S.C. § 152**

Defendant, Keith Labell, ("Defendant") by and through its undersigned counsel, hereby file this Motion to Dismiss Lorenzo A. Allen's Amended Adversary Complaint Filed Pursuant to 28 U.S.C §§ 157 and 1334 and under 18 U.S.C. § 152 (Doc. No. 19) ("Amended Complaint"), and pursuant to Federal Rules of Civil Procedure 12(b)(6) as to this Defendant only, as Plaintiff's Amended Complaint fails to state a claim for which relief may be granted, and fails to meet the minimum pleading standards as set forth under Federal Rules of Civil Procedure 8(a) and 9(b).

**Statement of Facts**

1. On January 3, 2022, Debtor Lorenzo Andrew Allen filed a Chapter 13 bankruptcy petition in the Southern District of Florida in Case Number 22-10014.

1

2. On March 14 2022, Secured Creditor filed its Proof of Claim as Claim 2-1, in Case Number 22-10014, that included a loan modification signed and dated by the Secured Creditor as of April 7, 2021. *Please see Proof of Claim 2-1 as Exhibit "A"*.

3. On August 31, 2022 in Case Number 22-10014, Plaintiff filed an Ex Parte Motion to Approve Mortgage Modification Agreement with PHH Mortgage (Doc. No. 79), and on September 2, 2022, the Court entered an Order Granting Motion to Approve Final Mortgage Modification Agreement with PHH Mortgage (Doc No. 80). Subsequently, Secured Creditor filed its Amended Proof of Claim 2-2 on November 30, 2022 that contained a Loan Modification Agreement with the modification effective date of September 1, 2022. *Please see Proof of Claim 2-2 as Exhibit "B"*. The September 1, 2022 Loan Modification Agreement was requested by the Debtor, and with the offer and consideration of the parties, was approved by the Court in the beforementioned order entered at Doc. No. 80.

4. On June 3, 2025, Debtor Lorenzo Andrew Allen *pro se* ("Plaintiff") filed an Adversary Complaint against several Defendants in the instant case 25-01151. On July 1, 2025, Defendant filed a Motion to Dismiss the Adversary Complaint filed on June 3, 2025 (Doc. No. 14) ("Motion to Dismiss"). On July 22, 2025, Plaintiff filed an Amended Complaint (Doc. No. 19) ("Amended Complaint"). On July 30, 2025, this court entered an order denying Defendant's Motion to Dismiss as Moot (Doc. No. 20). Plaintiff's Amended Complaint alleges: 1) that the Defendant knowingly filed a fraudulent proof of claim ("POC") in Plaintiff's lead Chapter 13 bankruptcy case, and 2) a fraudulent date of April 7, 2021 and signature were placed on the loan modification that was included within POC 2-1 in Plaintiff's lead Chapter 13 bankruptcy case (alleged false oath and alleged false claim).

5. As explained further below, Plaintiff has improperly named Keith Labell ("Labell") as a defendant in this adversary proceeding.

6. Labell was an employee of RASC at the time of filing POC 2-1 and POC 2-2 and was tasked as a part of his duties to prepare and file Proofs of Claim to be filed in bankruptcy cases. On March 14, 2022, Labell caused to be filed POC 2-1 on behalf of Secured Creditor, and on November 29, 2022, Labell caused to be filed POC 2-2 on behalf of Secured Creditor.

7. Labell signed the POCs as Secured Creditor's Authorized Agent, as stated on the signature blocks of the POCs.

8. The POCs filed by Labell on behalf of Secured Creditor are proper as to form and content, and fully comply with the official instructions for how a secured POC is to be filed. The POCs were prepared pursuant to the Court's Instructions for filing a mortgage proof of claim. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim executed and filed in accordance with the Bankruptcy Rules "is prima facia evidence of the claim's validity and amount."

## Legal Standards

The threshold standard for the filing a Proof of Claim is not high. Pursuant to 11 U.S.C. Section 501(a), "a creditor … may file a proof of claim…". Creditor and Claim are both defined in 11 U.S.C. Sections 101(10)(A) and 101(5)(A) respectively. Per the Bankruptcy Code, a Creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor". 11 U.S.C. Section 101(10)(A). A Claim is defined as a "right to payment…". 11 U.S.C. Section 101(5)(A). The Supreme Court in *Johnson v. Home State Bank* provides further direction and states that Claim is to be interpreted broadly. *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). In *Midland Funding, LLC v. Johnson*, a creditor

3

may even file a claim on a time-barred debt, *Midland Funding, LLC v. Johnson*, 581 U.S. 224 (2017), without being charged with any penalty under FDCPA for asserting even that time-barred debt. An unenforceable claim may be disallowed if objected to, but even an unenforceable claim is considered a claim per the Bankruptcy Code. 11 U.S.C. Section 502(b)(1). *Midland Funding, LLC v. Johnson*, 581 U.S. 224 (2017).

The court is empowered to dismiss a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 7012 of the Federal Rules of Bankruptcy Procedure, incorporating by reference Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *Strom v. United States*, 9th Cir. 641 F3d 1051, 1067 (2011). For purposes of Rule 12(b)(6), "claim" means a set of facts that, if established, entitle the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–1965 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citations omitted, alteration in original). Additionally, claims must be pleaded with detail under the federal rules of pleading, and fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b).

**The Complaint Fails to State any Claims for Relief**

Plaintiff's Amended Complaint alleges that Defendant fraudulently filed the Proof of Claim 2-1. Defendant on behalf of Secured Creditor, filed the Proof of Claim 2-1 with the Note, Loan Modification Agreement, endorsements, Deed of Trust, and the chain of assignments of the Deed of Trust, in Plaintiff's lead Chapter 13 Bankruptcy, that clearly demonstrates Secured Creditor's standing. Here, there is clearly a documentary basis for the assertion of a claim to be filed on behalf of Secured Creditor. Plaintiff does not appear to specifically dispute the validity and amounts of the Loan Modification Agreement in POC 2-1, only the timing of the signing and dating of the Loan Modification Agreement in POC 2-1. Plaintiff provides no legal authority supporting his arguments about the Secured Creditor's signing of the Loan Modification Agreement as of April 7, 2021. Additionally, the Loan Modification Agreement in POC 2-1 is no longer the operative Loan Modification Agreement as the Plaintiff has received the benefit of his bargain by receiving the new Loan Modification Agreement effective September 1, 2022 that was filed in POC 2-2. Plaintiff is now attempting to unwind the loan modification agreements reached between the parties, and that the parties have been acting under for several years. Nothing ties the Defendant to responsibility in this case, and there are no allegations as to involvement here that the Defendant can even respond to under the federal rules of pleading, and fraud must be pled with particularity Fed. R. Civ. P. 9(b). The Court should dismiss the claims against the Defendant with prejudice.

Additionally, as the U.S. Supreme Court clearly held in *Johnson* and *Midland Funding*, the filing of a POC is not a sanctionable act. Plaintiff's remaining allegations are incomprehensible and unrelated to Labell. As explained above, Plaintiff has failed to state any claims upon which relief can be granted. Dismissal of all counts with prejudice as to Labell is appropriate.

## The Complaint is a Shotgun-Style Pleading

Dismissal is also warranted because Plaintiff's Amended Complaint is a shotgun-style pleading, with each Count improperly incorporating the preceding count. *see Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors . . ."). The Eleventh Circuit does not tolerate shotgun-style pleadings. *See e.g. Byrne v. Nezhat*, 261 F.3d 1075, 1128–34 (11th Cir.2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir.1997) (noting that "[s]hotgun pleadings ... exact an intolerable toll on the trial court's docket"); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir.1997) (per curiam) ("[S]hotgun notice pleadings ... impede the orderly, efficient, and economic disposition of disputes.").

The Amended Complaint suffers from this defect because it purports to state a lack of a standing claim, but also incorporates unbased, conclusory allegations discussing alleged fraud, alleged false oath, and alleged false claim.

Plaintiff's Amended Complaint also outrageously requests compensatory damages, punitive damages, an award of attorney's fees and costs, interest, and a jury trial. Plaintiff's allegations are unfounded and without any legal or factual basis; therefore, Defendant requests that the court deny all the beforementioned frivolous requests. Dismissal with prejudice is appropriate.

WHEREFORE, Defendant respectfully request this Court dismiss Plaintiff's Amended Complaint as to Labell with prejudice, and without leave to amend.

Respectfully submitted,

<u>/s/ Travis Bailey</u>
Travis Bailey, Esq.
Florida Bar No. 121775
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: (561) 241-6901
Facsimile: (561) 997-6909
Email: trbailey@rasflaw.com
*Attorney for Defendant*

*Space Intentionally Left Blank*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 5, 2025, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Lorenzo Andrew Allen, *Pro Se*
6207 NW 66th Way
Parkland, FL 33067

                                              /s/ Travis Bailey
                                              Travis Bailey, Esq.
                                              Florida Bar No. 121775
                                              Robertson, Anschutz, Schneid, Crane & Partners, PLLC
                                              6409 Congress Ave., Suite 100
                                              Boca Raton, FL 33487
                                              Telephone: (561) 241-6901
                                              Facsimile: (561) 997-6909
                                              Email: trbailey@rasflaw.com